# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUCTION CREDIT ENTERPRISES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:10-mc-48 |
| v. | ) |
| | ) |
| VINCENT A. LO CASTRO, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER OF COURT

Pending now before the Court is Plaintiff's MOTION TO COMPEL AND FOR SANCTIONS (Doc. No. 4). On February 12, 2010, confessed judgment was entered in favor of Plaintiff and against Defendant in the amount of $530,424.33, plus interest at 18% per annum and expenses and costs as shall continue to accrue, a copy of which was served on Defendant by hand delivery to Kim Lo Castro on April 7, 2010. *See* Doc. Nos. 2 and 3. On June 10, 2010, Defendant was served with a notice of deposition to be conducted on July 13, 2010. Doc. No. 4 at exhibit A. Included within the notice of deposition was a request for the production of documents at the deposition. *Id.* On July 12, 2010, counsel for Plaintiff was contacted by counsel representing Defendant in an unspecified pending criminal matter, the nature of which was not described in the motion to compel. Defendant's attorney advised counsel for Plaintiff that Defendant would not be attending the deposition noticed for the following day, and that if Defendant was ordered to appear, he would likely invoke his right under the Fifth Amendment to be free from self-incrimination. On July 13, 2010, Defendant did, in fact, fail to appear for his deposition, and has further failed to produce any documents.

Plaintiff has moved to compel Defendant to attend and testify at deposition with

production of documents pursuant to Fed.R.Civ.P. 37 as incorporated by Fed.R.Civ.P. 69(a).

Rule 69(a) reads in pertinent part:

> In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Rule 69 authorizes a judgment creditor to use the federal or state procedural process to determine whether and what kind of assets exist that might satisfy the judgment. The scope of post-judgment discovery is broad, enabling judgment creditors to seek discovery of both current assets and past financial transactions that could lead to the existence of fraudulently concealed or fraudulently conveyed assets. *See, e.g.*, Wright & Miller, Federal Practice and Procedure: Civil § 3014 (West 1973).

The limitations upon post-judgment discovery are those established by Rule 26(b). A judgment creditor "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). Under the Rules, "relevance" is to be construed liberally, but not without boundaries. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52, 98 S. Ct. 2380 (1978). With respect to the Fifth Amendment, the privilege against self-incrimination may be invoked in civil as well as criminal proceedings. *Kastigar v. United States*, 406 U.S. 441, 445, 92 S.Ct. 1653, 1656 (1972), *National Life Ins. Co. v. Hartford Acc. and Indem. Co.*, 615 F.2d 595 (3rd Cir. 1980). Accordingly, by operation of both the Federal Rules and the Constitution, a party is shielded from compulsory discovery in a civil action if a risk of self-incrimination is involved.

However, while the Fifth Amendment shields against compelled self-incrimination, it does not shield against legitimate inquiry in the truth-seeking process. *See, e.g.*, *National Life*

*Ins. Co.*, *supra.* While the task of discerning the self-incriminating from the non-incriminating falls upon the witness asserting the privilege in the first instance, the juridical responsibility of objectively assessing whether the silence is justified rests with the court. *Id.* A court, however, cannot effectively determine whether "a responsive answer to a question or an explanation of why it cannot be answered might be (incriminating)" except in the context of a propounded question. *Id.* (quoting *Hoffman v. United States*, 341 U.S. 479, 487, 71 S.Ct. 814, 818 (1951)). It is for this reason that Defendant's refusal to submit to any examination by properly noticed or subpoenaed deposition is not a valid exercise of the Fifth Amendment privilege against self-incrimination. *Id.*

AND NOW, this 30th day of July, 2010, it is hereby **ORDERED, ADJUDGED, AND DECREED**, that Plaintiff's MOTION TO COMPEL AND FOR SANCTIONS (Doc. No. 4), is **GRANTED IN PART AND DENIED IN PART**.

Plaintiff's motion is **GRANTED** to the extent that Defendant is hereby ordered to appear and to submit to examination by oral deposition in aid of execution, as well as to produce those documents previously identified with the notice of deposition, no later than August 13, 2010.

Plaintiff's motion, to the extent it seeks sanctions, is **DENIED** without prejudice. Failure to comply with this Order may result in the imposition of sanctions.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:
For Plaintiff:   Elene M. Moran, Esquire
Email: emoran@thorpreed.com
Kerri L. Coriston, Esquire
kcoriston@thorpreed.com

Defendant:	Vincent A. Lo Castro
	102 Standing Rock Drive
	McMurray, PA 15317

Courtesy copy to:

	John A. Schwab, Esquire
	jas@pietragallo.com